**[This opinion has been published in *Ohio Official Reports* at 75 Ohio St.3d 242.]**

AKRON BAR ASSOCIATION *v*. PRINGLE.

[Cite as *Akron Bar Assn. v. Pringle*, 1996-Ohio-220.]

*Attorneys at law—Misconduct—Six-month suspension—Neglect of an entrusted legal matter—Failure to cooperate in disciplinary investigation.*

(No. 95-2557—Submitted January 24, 1996—Decided March 6, 1996.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 94-01.

———————————————

{¶ 1} On February 22, 1994, relator, the Akron Bar Association ("bar association"), filed a four-count complaint before the Board of Commissioners on Grievances and Discipline of the Supreme Court of Ohio ("board"), against respondent, Elbert R. Pringle of Akron, Ohio, Attorney Registration No. 0031357. Count One alleged Pringle, while representing Shebbi Smart in connection with a dispute with the Department of Housing and Urban Development, violated DR 1-102(A)(1)(violating a disciplinary rule), 6-101(A)(2)(handling a legal matter without preparation adequate in the circumstances), 6-101(A)(3)(neglecting an entrusted legal matter) and 7-101(A)(2)(failing to carry out a contract of employment).

{¶ 2} In Count Two the bar association alleged that Pringle, in representing Lawrence Sheffield in a dispute with his employer, General Motors Corporation, violated DR 1-102(A)(1), 6-101(A)(2), 6-101(A)(3) and 7-101(A)(2). In Count Three, the bar association alleged that Pringle's conduct with respect to Smart and Sheffield violated DR 1-102(A)(6)(engaging in conduct that adversely reflects upon his fitness to practice law). In Count Four the bar association alleged that Pringle violated Gov. Bar R.V(4)(G), by failing to cooperate with the bar association's investigation of the complaints of Smart and Sheffield.

{¶ 3} On March 16, 1994 Pringle filed an answer to the complaint in which he admitted some of the factual allegations, disputed others, and demanded a hearing. A hearing on the complaint was scheduled for March 8, 1995

{¶ 4} Prior to the hearing, Pringle failed to respond both to the bar association's request for document production and to the board's order compelling production. In the same period, Pringle failed to respond timely to the bar association's request for admissions and interrogatories, and failed to attend a deposition scheduled for him. As a result, both the deposition and the formal hearing were continued.

{¶ 5} The panel of the board held its formal hearing on August 22, 1995 and issued findings of fact and conclusions of law. The panel found that with respect to Pringle's representation of Smart, Pringle violated DR 6-101(A)(3) by neglecting a legal matter entrusted to him. In August 1992, Ms. Shebbi Smart engaged Pringle to represent her in a dispute with the Department of Housing and Urban Development ("HUD"). On the basis of what a HUD official told her, Smart believed that a statute of limitations required her to take some action with respect to this dispute by November 1, 1992. Pringle received a fee of $400 from Smart, which he believed was to cover only his initial review of the documents and the preparation of a complaint. Smart believed that the $400 fee was to cover all expenses including litigation. Pringle failed to file any action on behalf of Smart. He also failed to return any of the approximately twenty telephone calls Smart made to him from the end of August through December 1992. When Smart filed suit against Pringle in small claims court in February 1993, seeking a return of the $400, Pringle attempted to send Smart her complete file by certified mail. He enclosed a letter advising Smart that he would no longer represent her because she had filed suit against him. The United States Postal Service returned the package containing the file and the letter to Pringle with the notation, "unclaimed." Pringle did not attempt to remail the package even though the postal service had provided him with

2

Smart's new address. The board found that Pringle never returned the $400 to Smart.

{¶ 6} The panel dismissed Counts Two and Three, involving the alleged violations with respect to Pringle's representation of Sheffield and with respect to Pringle's alleged pattern of misconduct. As to Count Four, the panel found that Pringle violated Gov. Bar R.V(4)(G) by failing to cooperate in the investigation of the complaints against him and obstructed the investigation by refusing to attend a scheduled deposition, answer interrogatories, and respond to requests for admission. The panel recommended that Pringle be suspended from the practice of law for six months, but that this sanction be suspended upon the conditions that Pringle repay the fees that Smart paid to him and meet with a representative of the Cleveland or Akron Bar Association for five hours of instruction on an attorney's obligation to cooperate with disciplinary investigations.

{¶ 7} The board adopted the panel's findings of fact, conclusions of law and recommendation.

_____

*Mark B. Merklin*, for relator.
*Elbert R. Pringle*, *pro se*.

_____

***Per Curiam.***

{¶ 8} Upon review of the record, we concur with the board's findings of fact and conclusions of law. However, we find that the respondent's failure to cooperate with the bar association and the board during the investigation of these matters warrants a more severe sanction. Respondent was on notice that under facts similar to these, neglecting a legal matter entrusted to counsel and failing to cooperate in the ensuing disciplinary investigation, we have previously indefinitely suspended an attorney from the practice of law. *Disciplinary Counsel v. Leibold* (1990), 53 Ohio St.3d 128, 559 N.E.2d 749. Failure to cooperate has itself

warranted at least a public reprimand. *Cuyahoga Cty. Bar Assn. v. Dyck* (1991), 59 Ohio St.3d 68; 570 N.E.2d 1105, *Cleveland Bar Assn. v. Allanson* (1995) 72 Ohio St.3d 228, 648 N.E.2d 1340, (where the attorney also failed to timely register). We can not tolerate such a failure to cooperate as seen in this record. Accordingly, we order that the respondent, Elbert R. Pringle, be suspended from the practice of law for six months. Costs taxed to the respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, WRIGHT, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

RESNICK, J., dissents and would order a six-month suspension, stayed, conditioned on restitution and full compliance.

———————————